COWART, Judge.
This is a petition for certiorari to review an order requiring the petitioner, as co-owner of certain property, to execute a note and mortgage.
Respondent and petitioner are mother and daughter and joint owners of an apartment building. Respondent has managed the apartment building and petitioner has brought against respondent an action for an accounting as to the receipts from the apartments and in that action respondent has counter-claimed for a partition of the property. The apartments are subject to a first mortgage which is in the process of foreclosure. Respondent has arranged a new financing mortgage loan from the proceeds of which respondent desires to pay off the delinquent first mortgage in order to avoid a foreclosure sale. Of course, as one of the joint owners, petitioner’s signature is essential to create a valid refinancing mortgage and petitioner declines to sign. By an order styled in both the pending mortgage foreclosure action and the pending account/ ing and partition action the trial judge ordered both parties to “execute a mortgage deed and promissory note and other documents necessary to close a commercial loan on the property in an amount at least sufficient to satisfy the existing first mortgage on the property, and to pay loan closing costs.” Petitioner seeks review of that order.
Without regard to the alleged bad motives of the petitioner in refusing to sign the proposed mortgage or the good motives of the trial judge, a trial court has no legal *379 authority to order a recalcitrant joint property owner to execute a note and mortgage to obtain funds to pay off an existing defaulted mortgage in order to avoid a foreclosure sale. The order in question is beyond the jurisdiction of the trial court as invoked[1] by the facts alleged and relief sought in the pleadings in either of the pending cases. Consequently it is void, and therefore, its entry departs from the essential requirements of law. Accordingly, it is
QUASHED.
ORFINGER, C.J., and DAUKSCH, J., concur.

. For a discussion of court jurisdiction and its invocation by pleadings and its perfection by service of process, see Florida Power & Light Co. v. Canal Auth. of Florida, 423 So.2d 421 (Fla. 5th DCA 1982).