511 So.2d 427 (1987)
Stuart G. MORAITIS, Appellant,
v.
George R. GALLUZZO and Alana Galluzzo, Appellees.
No. 4-86-2709.
District Court of Appeal of Florida, Fourth District.
August 12, 1987.
Rehearing Denied September 10, 1987.
*428 Ronald P. Gossett of Hodges, Gossett, McDonald, Gossett & Crawford, P.A., Hollywood, for appellant.
C. Lavon Ward, Fort Lauderdale, for appellees.
DELL Judge.
This appeal follows our mandate in Moraitis v. Galluzzo, 487 So.2d 1151 (Fla. 4th DCA 1986), wherein we reversed a final judgment granting appellees specific performance of an agreement for the sale of realty and remanded this cause to the trial court with instructions to enter judgment in favor of appellant for partition and accounting.
Appellant, Dr. Stuart G. Moraitis, and appellee, Dr. George R. Galluzzo, practiced dentistry for a number of years in a building owned by appellees. Appellant purchased an undivided one-half interest in the building. During the course of their practice, the two doctors also acquired certain equipment. They also rented a portion of the building to third parties and shared the cost of certain employees. Appellant moved his practice to a new location. Thereafter Dr. Galluzzo changed the locks and refused appellant's request for a set of keys. On remand, the trial court entered an amended final judgment that ordered partition and sale of the property at public auction.
Appellant contends that the trial court erred by failing to award him credit for the imputed rental value of the premises used by appellees, based upon an alleged ouster; by awarding appellees attorney's fees and by denying his claim for attorney's fees; by awarding appellees expenses incurred subsequent to the initial trial without taking additional evidence to support the award; by awarding appellees $1,048.43 more than that awarded in the original final judgment without taking additional testimony; and by deleting two items of personal property from the partition order. We find merit in each of the points raised by appellant and reverse.
In Coggan v. Coggan, 239 So.2d 17 (Fla. 1970), the parties to a divorce proceeding jointly owned an office building that was subsequently partitioned. The supreme court stated:
The possession of a tenant in common is presumed to be the possession of all cotenants until the one in possession brings home to the other the knowledge that he claims the exclusive right or title. Chasteen v. Chasteen (Fla.App. 1968) 213 So.2d 509. What is called "exclusive possession" may amount merely to sole possession without actual exclusion of a cotenant or denial, or invasion of the rights of such cotenant.
There can be no holding adversely or ouster or its equivalent, by one cotenant unless such holding is manifested or communicated to the other. Where a tenant out of possession claims an accounting of a tenant in possession, he must show that the tenant in possession is holding the exclusive possession of the property adversely or holding the exclusive possession as a result of ouster or the equivalent thereof. This possession must be attended with such circumstances as to evince a claim of the exclusive right or title by the tenant in possession imparted to the tenant out of possession. Tatum v. Price-Williams (1910) 59 Fla. 634, 52 So. 3. Bird v. Bird [(1875) 15 Fla. 424], supra.
Id. at 19.
In Patterson v. Patterson, 396 So.2d 821 (Fla. 4th DCA 1981), we concluded that while there was evidence in the record that one of the parties had changed the locks on *429 the premises, the record did not contain evidence that the tenant in possession intended to exclude appellant from possession by changing the locks.
At trial appellant read exerpts from Dr. Galluzzo's deposition into evidence. Dr. Galluzzo testified that he changed the locks because some file cabinets had been stolen. However, he admitted that he refused appellant's request for keys to the new locks after the file cabinets had been returned, and that appellant had no access to the office that he had previously occupied. The record supports appellant's contention that the act of changing the locks on the premises and appellees' refusal to give him keys to the new locks constituted an ouster. We believe the record contains sufficient evidence to show that appellees held the premises adverse to appellant. Therefore the trial court should have awarded appellant the value of one-half of the reasonable rental value of the premises occupied by appellees from the date that Dr. Galluzzo changed the locks on the premises to the date of the amended final judgment.
We find no evidence in the record to support the trial court's award of expenses incurred subsequent to the initial trial or for the award of the sum of $1,048.43 more than the expenses awarded in the initial final judgment. There is also nothing in the record to explain why the trial court omitted the MDC mobile cabinet and the Kavo I handpiece from the list of the partition of personalty.
Finally, section 64.081, Florida Statutes (1985) provides:
Every party shall be bound by the judgment to pay a share of the costs, including attorneys' fees to plaintiff's or defendant's attorneys or to each of them commensurate with their services rendered and of benefit to the partition, to be determined on equitable principles in proportion to his interest.
In our view, the amended final judgment of partition resulted from the persistent efforts of appellant's counsel. We see little in the record that would support an award of attorney's fees to appellees' counsel. Appellees opposed the complaint for partition from the outset and counterclaimed for specific performance of an oral contract. We find ample evidence to support appellant's argument that the trial court erred in failing to award him fees in accordance with section 64.081.
Accordingly, we reverse the trial court's amended final judgment and remand this cause to the trial court for further proceedings not inconsistent herewith.
REVERSED and REMANDED.
DOWNEY and WALDEN, JJ., concur.