558 So.2d 122 (1990)
Nelle J. FITZGERALD, Appellant,
v.
Geary S. FITZGERALD, Appellee.
No. 88-2541.
District Court of Appeal of Florida, First District.
March 9, 1990.
*123 Barry L. Zisser and Nancy N. Nowlis, Jacksonville, for appellant.
William T. Lassiter, Jr., Jacksonville, for appellee.
CAWTHON, Associate Judge.
In this appeal from an order granting partition of a marital home, the former wife appeals two special equities granted her former husband. We reverse.
The marriage of the parties was dissolved on May 10, 1978. The former wife was given custody of the two children and the exclusive use and occupancy of the former marital home so long as she remained unmarried and at least one minor child resided with her. Paragraph 6 of the Final Judgment of Dissolution of Marriage provided:
As and for a contribution to the support and maintenance of the wife, the husband shall pay, directly to the wife, on or before the first day of June 1978, and thereafter, until a total of nine monthly payments have been made, an amount equal to the total mortgage, taxes, and insurance payment attributable to the residence of the parties located at ... After nine such monthly payments have been made the husband shall pay to the wife, on or before the first day of each month thereafter, while the parties own the said property as tenants in common, an amount equal to one-half of the said mortgage, taxes, and insurance payment, and the wife shall be responsible for payment of the remaining one-half.
In February 1987, the former husband filed a complaint seeking partition of former marital home. At first, the former husband sought equal division of the sale proceeds. The former wife answered by claiming entitlement to a special equity for the mortgage payments and cost of improvements borne entirely by her; the former wife also filed a counter-petition for partition. The former husband answered the counter-petition by denying that the former wife had any right to a special equity.
A bench trial was held on the petitions where it was disclosed that the youngest child left her mother's residence to live with her father in February 1981. At that *124 time, the former husband stopped contributing to the mortgage. In August 1983, the child returned to her mother's residence; the child remained a minor until December 16, 1985. The trial court found that there had been an ouster by the wife in February 1981, and it was found that $300.00 was the rental value of the home.
In the amended final judgment of partition, the trial court awarded two special equities to the husband.[1] The first equaled one-half of the amount by which the principal sum of the mortgage was reduced by the nine mortgage payments made by the former husband from June 1978 through February 1979. The former wife had argued to the trial court that the former husband was not entitled to this special equity as these payments were made for her support. Obviously, this argument was unavailing.
The second special equity awarded to the husband was equivalent to one half of the rental value of the former marital home from March 1981 through June 1988. In February 1981, the parties' youngest child moved away from the former marital home to live with the former husband. However, the child returned to the former wife's residence in August 1983 where she remained until reaching the age of majority in December 1985. The former wife argued below that this special equity was erroneous because there was no evidence before the trial court concerning the property after October 1987, the time of the bench trial. On appeal, the former wife argues the second special equity is erroneous because it exceeds the amount she claimed for repairs; a claim for rent can only be made to offset a claim for improvements, argues the former wife.
As for the former husband's first special equity, we agree that this award was erroneous. The final judgment of dissolution plainly provides that the former husband was to pay as support the first nine months of mortgage and tax obligations. It is within a trial court's discretion to award the costs of mortgage, insurance and tax payments as support, and in such a circumstance, a paying party is not entitled to credit for those expenditures. See Pastore v. Pastore, 497 So.2d 635 (Fla. 1986).
As for the second special equity awarded, we also agree with the former wife that this award was erroneous. As previously noted, the former husband was awarded one-half of the amount of rental value of the former marital home from March 1981 through June 1988. This award was premised on the finding that the former husband was "ousted" from the former marital home.
In Barrow v. Barrow, 527 So.2d 1373 (Fla. 1988), the Florida Supreme Court settled a dispute among the districts by holding a cotenant out of possession of property is entitled to a claim of rental value "solely as an offset against the claim of the cotenant [in possession] for the cost of maintaining the property..." Id. at 1377. Though one cotenant may have exclusive possession, he is not accountable to the cotenant out of possession unless the possessing cotenant receives rents or profits from the land or holds adversely or as the result of an ouster. The Barrow court held that
the possession of a tenant in common is presumed to be the possession of all tenants until the one in possession communicates to the other the knowledge that he or she claims the exclusive right or title and there can be no holding adversely or ouster by the cotenant in possession unless the adverse holding is communicated to the other ...
Id. (emphasis added).
In Barrow, the Supreme Court explicitly reaffirmed its decision in Coggan v. Coggan, 239 So.2d 17, 19 (Fla. 1970) which also stated the common law rule was that the possession of a tenant in common "is presumed to be the possession of all cotenants *125 until the one in possession brings home to the other the knowledge that he claims the exclusive right or title." Quoting from Stokely et al. v. Conner, 69 Fla. 412, 68 So. 452 (1915), the Coggan court stated further:
But a tenant in common, to show an ouster of his cotentant, must show acts of possession inconsistent with, and exclusive of, the rights of such a cotenant, and such as would amount to an ouster between landlord and tenant, and knowledge on the part of his cotenant of his claim of exclusive ownership. He has the right to assume that the possession of his cotenant in his possession, until informed to the contrary, either by express notice, or by acts and declarations that may be equivalent to notice.

239 So.2d at 19 (emphasis added).
In finding that there was no holding adversely or an ouster, the Coggan court observed that though one cotenant, the former husband, remained in sole possession of the property after divorce, the record was devoid of any evidence that prior to the filing of the partition suit the cotenant in possession advised the other cotenant that he was claiming adversely, that he had taken any action adverse to his former wife's interest or title, that he had taken any steps to actually or constructively oust her, or that she knew or should have known the former husband was claiming any right of title adverse to her. Id. It is further worth noting that the Supreme Court cited in Barrow, 527 So.2d at 1376, the annotation found at 51 ALR2d 388, "Accountability of cotenants for rents and profits or use and occupation." This annotation is replete with authority for the proposition that sole possession of former marital property by one cotenant does not necessarily constitute an ouster. In Diedricks v. Reinhardt, 466 So.2d 375, 377 n. 1 (Fla. 3d DCA 1985), which was not discussed in Barrow, the court held that to demonstrate ouster, one must show acts of possession inconsistent with and exclusive of the rights of the cotenant out of possession and knowledge on the part of the cotenant of the claim of exclusive ownership.
In the case before us, the trial court found that there had been ouster by the former wife of the former husband from the time the youngest child left her mother's custody to live with her father in February 1981. The trial court did not make an explicit finding that the former wife communicated an ouster to the former husband, but the implication from the amended order is that an ouster was the de facto result of the youngest child's departure from her mother's care.
On appeal, the former husband argues that the record reflects that prior to the partition, the former wife acted in a manner contrary and adverse to his interests so as to constitute an ouster. Specifically, the former husband recalls that he came to the home on the occasion in January 1986, and he was told to leave and not to come back or the former wife would "call the law." The former husband also points to another occasion in December 1986 when he did come back to pick pecans and was physically attacked by the former wife who called the authorities. The former husband also notes that he paid ten dollars per visit for two overnight visits by him at the former marital residence, though the former wife testified this money was reimbursement for food.
Both parties admit, and the record supports the admission, that there was a history of animosity between the two; in fact, at the time of dissolution, each was enjoined from "molesting, interfering, assaulting, harassing, annoying, berating, aggravating, or in any way disturbing the other in any manner or in any place." However, the former husband never indicated in his testimony that he believed his interest in the marital home was affected because the former wife asked him to leave on two occasions, nor is there any evidence in the former wife's testimony that she communicated either directly or indirectly that she considered herself to have exclusive right or title to the property. Further, the two specific occasions identified by the former husband when he was asked to leave the marital property occurred long after February 1981, the time at which the *126 trial court stated an ouster had occurred. We cannot say that the former wife's acts and declarations were equivalent to notice that she considered herself to have exclusive rights over the property, and there is no evidence that on the two occasions the former wife asked the former husband to leave, he construed such actions meaning he was ousted from the property. Because there is insufficient evidence to support it, the trial court's finding of ouster must be reversed.
The former husband is entitled to claim one half rental value of the marital property to offset the credit given to the former wife for the cost of improvements and repairs made. While the former wife was given exclusive use and occupancy of the marital home at the time of dissolution, this privilege was contingent upon the residence of at least one minor child in the former marital home. Therefore, an award of one half the rental value for the period during the youngest child's residence with her father is not contrary to the grant of the exclusive use and occupancy. Compare Goolsby v. Wiley, 547 So.2d 227 (Fla. 4th DCA 1989) (if a former spouse was given exclusive possession of a former marital residence by a specific provision in a final judgment of dissolution, rental value is not recoverable even as an offset against a claim for maintenance and repairs), and Ombres v. Ombres, 549 So.2d 1113 (Fla. 4th DCA 1989) (claim for cost of repairs on former marital home may be offset by a claim for rental value when property occupied by one former spouse exclusively without the agreement of the other and without court awarded use and occupancy). See also, Nelson v. Nelson, 544 So.2d 273 (Fla. 1st DCA 1989).
For these reasons, the special equities granted the former husband are REVERSED and the cause is REMANDED with instructions that the former husband's equity for the rental value is not to exceed the amount awarded the former wife for repairs. In all other respects, the amended order of partition is AFFIRMED.
MINER, J., concurs.
ZEHMER, J., concurs and dissents with written opinion.
ZEHMER, Judge (concurring and dissenting).
I concur in the majority decision to reverse the first special equity based on the first nine months of mortgage payments made by appellee, the former husband. The final judgment clearly specifies that such payments were for support of the former wife and thus could not be treated as giving rise to any special equity in the property in favor of appellee.
I dissent to the reversal of the second special equity based on one half of the rental value of the property. This issue presented a question of fact for resolution by the trial court. I disagree that the evidence is legally insufficient to support a finding of fact by the trial court that the appellant's conduct amounted to an ouster of the former husband within the holding of Barrow v. Barrow, 527 So.2d 1373 (Fla. 1988). The trial court could reasonably treat the conduct of the former wife in throwing her former husband off the premises as a sufficient communication of her intent to retain exclusive possession of the home in derogation of his property rights as tenants in common. The majority opinion leaves me with the impression that this court is essentially retrying this factual issue, reaching a factual finding at odds with the ruling of the court below, and simply reversing the trial court on this basis. Moreover, if an explicit finding of ouster is essential to sustain the award of this special equity, rather than reversing the award on its merits, we should remand for specific findings of fact on this essential issue. See Calhoun v. Calhoun, 554 So.2d 21 (Fla. 1st DCA 1989); Strickler v. Strickler, 548 So.2d 740 (Fla. 1st DCA 1989); Lee v. Lee, 544 So.2d 1083 (Fla. 1st DCA 1989); Eisner v. Eisner, 513 So.2d 673 (Fla. 1st DCA 1987); DePoorter v. DePoorter, 509 So.2d 1141 (Fla. 1st DCA 1987); Clemson v. Clemson, 546 So.2d 75 (Fla. 2d DCA 1989).
*127 In summary, I would affirm this second special equity issue. At most, the case should be remanded for explicit findings on the ouster issue.
NOTES
[1] The amended order of partition also provided that the former wife was to receive a special equity equal to one-half of the amount of mortgage, insurance and tax payments which she paid without contribution from the former husband. Neither the former wife's entitlement to this special equity or the amount thereof has been contested in this appeal.