595 So.2d 1032 (1992)
Debra Lynn ADKINS, Appellant,
v.
James Yamagami ADKINS, Appellee.
No. 91-1327.
District Court of Appeal of Florida, First District.
March 9, 1992.
*1033 Patricia Strickland Warren, Fort Walton Beach, for appellant.
Gregory F. Lundstrum, Fort Walton Beach, for appellee.
ZEHMER, Judge.
Deborah Adkins, the former wife, appeals an order amending the provisions for distribution of the proceeds of sale of the jointly-owned marital home made in the final judgment of dissolution of marriage. We hold that the trial court erred in failing to allow Mrs. Adkins, the cotenant-out-of-possession, to set off one half of the reasonable rental value of the home against one half of all payments made by the former husband, Mr. Adkins, the cotenant-inpossession, on account of mortgage principal and interest, insurance, and taxes to preserve the property.
The final judgment granted Mrs. Adkins's request for partition of the property and ordered:
10. The Husband shall be required to pay the mortgage payment and maintenance expenses on the former marital residence of the parties and at sale shall be given a 50% credit for said mortgage payments and maintenance expenses. The Husband, however, shall be required to give the Wife a credit for one-half of the mortgage payment as rent during the time he resides therein. If the husband does not reside in the former marital residence he shall still be required to pay the mortgage and maintenance payments thereon, but at the closing of the sale of said residence he shall receive a 50% credit for all such payments from the Wife's share of the proceeds from sale. In addition, the Husband shall be given the right to claim all the interest payments on the former marital residence past, present and into the future until the sale of said residence.
(Emphasis added.) No provision in the final judgment awarded either Mr. Adkins or Mrs. Adkins exclusive use of the marital residence prior to sale. However, Mr. Adkins continued to reside in the home after Mrs. Adkins and their minor child moved out of state to her family home, and he continues to pay the mortgage and other expenses.
Mr. Adkins timely filed a motion to alter or amend paragraph 10 in part:
so that said second sentence is eliminated and that he be given a credit for 50% of any payments made on the home subsequent to the dissolution of the parties marriage and up until the sale thereof which are the legal responsibility of the Former Wife since she is a tenant in common with the Former Husband owning a [sic] undivided 50% interest and owing a 50% responsibility toward the liabilities and maintenance thereon.
Upon consideration of the motion, the trial court entered an order providing that:
... the final judgment in the abovestyled cause shall be amended as to paragraph 10 ... to provide that the former-wife is entitled to one-half of the rental value of the marital home only as an offset for any cost of improvements and/or repairs made by the formerhusband.

(Emphasis added).
Mrs. Adkins argues that the trial court erred in limiting the rental value offset to the monetary amount of improvements and repairs made by the former husband because she is entitled under the law to a similar offset against payments made by Mr. Adkins for the mortgage, insurance, and taxes. Referring to the supreme court's decisions in Barrow v. Barrow, 527 So.2d 1373 (Fla. 1988), and Potter v. Garrett, 52 So.2d 115 (Fla. 1951), she acknowledges the common law rule that a cotenant-in-possession of real property who receives no profits or rents therefrom is not accountable to the other cotenant unless the former's possession of the property is held adversely or by ouster, but relies on an exception to this rule which recognizes that when the cotenant-in-possession seeks to be reimbursed for the costs associated with improving and preserving the property, *1034 such as the payment of the mortgage principal and interest, taxes, and insurance, the cotenant-out-of-possession is entitled to offset against her share of those expenses the reasonable rental value of the cotenant-inpossession's use that exceeds his share of ownership.
Mr. Adkins contends that since he has not been granted exclusive use of the marital home by court order and does not hold possession of the property adversely or by ouster, the trial court correctly limited his former wife's offset against rental value to the cost or value of improvements and repairs to the home. His argument relies on Fitzgerald v. Fitzgerald, 558 So.2d 122 (Fla. 1st DCA 1990), for the proposition that, "The Fitzgerald case affirms this [the trial court's] ruling at page 124 wherein it quoted the Supreme Court case of Barrow v. Barrow, 527 So.2d 1373 (Fla. 1988), wherein the Supreme Court laid to rest the law that `a cotenant out of possession of property is entitled to a claim (sic) rental value "solely as an offset against the claim of the cotenant [in possession] (sic) for the costs of maintaining the property... ."'" (Answer Brief at pp. 5-6.)
The final judgment of dissolution ordered the jointly-owned marital home partitioned and sold, and the parties became, by operation of law, tenants in common as to this property upon rendition of the judgment. Accordingly, their legal rights and obligations in respect to the property were then subject to determination by the rules of law governing tenancies in common. In Barrow, the supreme court reaffirmed the common law rule that a tenant in common, who has exclusive possession of the real property and uses it for his own benefit but does not receive rents or profits therefrom, is not liable or accountable to a cotenant-out-of-possession unless such possession is held adversely or as a result of ouster or the equivalent. However, the supreme court also approved and applied to the facts of that case an established exception to this general rule:
It is an established principle of law that when a cotenant in possession seeks contribution for amounts expended in the improvement or preservation of the property, his claim may be offset by the value of his or her use of the property which has exceeded his or her proportionate share of ownership. A general statement concerning this exception is contained in 51 A.L.R.2d 388 entitled "Accountability of cotenants for rents and profits or use and occupation." It states:
Nevertheless where one owner has enjoyed the occupancy and in any way seeks the assistance of a court in obtaining contribution from others in respect of improvements or protective expenditures made, he is ordinarily charged, by way of offset, with the reasonable value of his occupancy in excess of his proportionate share, even though he would not otherwise be liable; and similar adjustments are commonly made in partition suits generally.
Annotation, 51 A.L.R.2d 388, 395 (1957) (emphasis added, footnote omitted). [citations omitted].
We applied this exception in Potter v. Garrett, 52 So.2d 115 (Fla. 1951), in a partition suit in which a cotenant in possession sought recovery from the cotenant out of possession of one-half the money she had paid toward the mortgage, taxes, and insurance on the property. In reversing the striking of the claim for offset by the tenant out of possession, we stated:
We think appellee is entitled to reimbursement for one-half the money she paid on the principal and interest of the mortgage, for taxes and insurance and for other moneys she spent on essential improvements to preserve the property. The appellant is entitled to have credited against this amount one-half of such sum or sums as may be found to be a reasonable rental for the use of the property during the time it was occupied by appellee after the death of the last parent.
Id. at 116.
... .
In conclusion, we hold: (1) the possession of a tenant in common is presumed to be the possession of all tenants until the one in possession communicates to the other the knowledge that he or she claims the exclusive right or title and *1035 there can be no holding adversely or ouster by the cotenant in possession unless the adverse holding is communicated to the other; (2) where one cotenant has exclusive possession of lands and uses the lands for his or her own benefit and does not receive rents or profits therefrom, such a cotenant is not liable or accountable to the cotenant out of possession unless he or she holds adversely or as a result of ouster or its equivalent; and (3) when a cotenant in possession seeks contribution for amounts expended in the improvement or preservation of the property, that claim may be offset by cotenants out of possession by the reasonable rental value of the use of the property by the cotenant in possession to the extent it has exceeded his or her proportionate share of ownership.
527 So.2d at 1376-77. It seems perfectly clear, from the supreme court's discussion of the Potter case in context with the exception to the common law rule approved in Barrow, that the offset of the rental value should include payments for mortgages, insurance, and taxes as well. Thus, in Barrow the supreme court allowed the offset for one-half of the rental value against one half of the property taxes and insurance expended by the tenant-in-possession.
Applying these rules to the case before us, we find no error in the trial court's having deleted the second sentence of paragraph 10 of the final judgment because the rights of the parties in respect to the marital home are governed, after dissolution, by the common law applicable to tenancies in common. Pursuant to those rules, Mrs. Adkins is not entitled, under the circumstances shown in this case, to one half of the mortgage payments as reimbursement for her interest in the rental value of the marital home during the time it is occupied by her former husband. The fair rental value of the property may or may not be directly related to the amount of the mortgage payments. Mrs. Adkins is entitled, however, to an offset equal to one half of the rental value against one half of the amounts claimed by Mr. Adkins for expenditures on repairs, improvements, mortgage payments, insurance and taxes under the exception approved in Barrow and Potter.
Mr. Adkins's reliance on Fitzgerald does not support the trial court's limitation of the rental offset to amounts expended by him for improvements or repairs only. The credit allowed by the trial court in Fitzgerald was based on the finding of ouster, a finding of fact rejected by this court for lack of evidence to support it. While the court's decision in Fitzgerald speaks in terms of limiting the offset in that case to "the cost of improvements and repairs made" by the tenant-in-possession (558 So.2d at 126), it appears that the respective party's "equity" in the mortgage payments was not at issue on appeal (Id. at 124, n. 1). Moreover, to construe that opinion as establishing a rule limiting such offsets to expenditures for improvements and repairs would conflict with the clear holding in Barrow and wrongfully attribute an erroneous reading of the Barrow decision to the majority opinion in Fitzgerald.
For the foregoing reasons, the appealed order is reversed in part and this cause is remanded for entry of an appropriate order consistent with this opinion.
REVERSED.
SMITH and ALLEN, JJ., concur.