PER CURIAM.
 

 The final judgment dissolving the marriage of the parties included this provision, now at issue on appeal:
 

 “the parties shall continue to each own fifty (50%) percent of the marital residence ...
 
 The Wife is granted, the exclusive use and possession of the marital residence during the minority of the minor child Erica
 
 and shall be responsible for the payment of the mortgage. Each party shall be responsible for fifty (50%) of all major repairs and replacements- of appliances in connection with the aforesaid marital residence.” [e.s.j
 

 She continued to live in the marital residence after the minor child reached the age of majority, and it was not until years later that he filed a petition for modification seeking partition of the marital residence and his one-half interest. She filed a counterclaim seeking contribution for marital home expenses. By agreement, the case was deferred to a magistrate who found that she was entitled to a credit for expenses made in connection with the marital residence, but he was not entitled to half the rental value during her exclusive occupancy after Erica became an adult.
 

 
 *396
 
 He argues on appeal that the court erred in accepting the magistrate’s legal conclusion that the law did not entitle him to a reasonable rental value of the marital residence from the time of child’s majority until the present. We agree.
 

 In
 
 Goolsby v. Wiley,
 
 547 So.2d 227, 230 (Fla. 4th DCA 1989), this Court held:
 

 “where
 
 exclusive possession by a coten-ant is sanctioned by court order or agreement of the parties, there can be no offset
 
 (of one-half of the fair rental value of the property
 
 for the term of the lawful possession
 
 ) against the claim of that tenant for reimbursement from the proceeds of a sale of the property for necessary and proper expenses incurred in the preservation and protection of the property.” [e.s.]
 

 While applicable to cases where a party seeks rental credit during the term of lawful exclusive possession, this rule is inap-posite here in regard to a rental credit after lawful exclusive possession expired. The final judgment gave her exclusive possession only “during the minority of the minor child.” When their child reached the age of majority, her right to exclusive possession terminated. Neither is
 
 Kelly v. Kelly,
 
 568 So.2d 70 (Fla. 2d DCA 1990), of any help because he sought rental credit
 
 before
 
 the minor child reached eighteen and while the wife still had lawful exclusive possession. Here the party out of possession seeks rental credit only for the period
 
 after
 
 the minor child reached the age of majority and she no longer had lawful exclusive possession.
 

 Barrow v. Barrow,
 
 527 So.2d 1873 (Fla.1988), and
 
 Fitzgerald v. Fitzgerald,
 
 558 So.2d 122 (Fla. 1st DCA 1990), are disposi-tive. In
 
 Barrow,
 
 the Florida Supreme Court held:
 

 “where one cotenant has exclusive possession of lands and uses the lands for his or her own benefit and does not receive rents or profits therefrom, such a cotenant is
 
 not
 
 liable or accountable to the cotenant out of possession unless he or she holds adversely or as a result of ouster or its equivalent.”
 

 527 So.2d at 1377.
 
 Barrow
 
 explicitly recognized an exception to this rule where a cotenant in possession seeks contribution for amounts expended in the improvement or preservation of the property. Such expenses may then be offset by the reasonable rental value of the use of the property by the cotenant in possession which exceeds his proportionate share of ownership. In
 
 Barrow,
 
 the co-tenant out of possession was entitled to claim the reasonable rental value because the co-tenant in possession made a claim for contribution for maintenance expenses. With
 
 Goolsby
 
 and
 
 Kelly
 
 inapplicable, and no court order authorizing exclusive possession after the child became an adult, this exception in
 
 Barrow
 
 is controlling.
 

 In
 
 Fitzgerald,
 
 a factually similar case, the wife was awarded exclusive use and occupancy of the marital home contingent on at least one minor child residing in the home. 558 So.2d at 126. During some of her occupancy, she had no minor children living with her; the youngest child had moved in with the husband. The court held:
 

 “[t]he former husband is entitled to claim one half rental value of the marital property to offset the credit given to the former wife for the cost of improvements and repairs made....
 
 [A]n award of one half the rental value for the period during the youngest child’s residence with her father is not contrary to the grant of the exclusive use and occupancy.”
 
 [e.s.]
 

 Id.
 
 Like the husband in
 
 Fitzgerald,
 
 he is entitled to rental credit to offset her claim for contribution. There is no interference with her grant of exclusive possession because it ended before he sought credit.
 

 
 *397
 
 A magistrate’s findings of fact may not be rejected by the trial court unless there is clear error, but legal conclusions are subject to being reconsidered de novo by the trial judge.
 
 Reece v. Reece,
 
 449 So.2d 1295, 1295 (Fla. 4th DCA 1984). Based on the foregoing cases, the trial court should have rejected the magistrate’s legal conclusion as to the rental credit issue because it was legally incorrect. He is entitled to the reasonable rental value of the marital residence from the time the child reached the age of majority until the present.
 

 Reversed.
 

 FARMER, HAZOURI and DAMOORGIAN, JJ., concur.