KELLY, Judge.
Zofia and Rudy Rhodes (the Rhodes) appeal from the final judgment foreclosing a construction lien on their property and awarding Newport Building and Construction, Inc. (Newport) attorney’s fees. We reverse the order foreclosing the lien and dismiss the appeal to the extent that it challenges entitlement to fees.
The Rhodes hired Newport to build a waterfront home. When the home was nearing completion, the Rhodes were unsatisfied with the quality of the construction and withheld the final payment of $23,983.01 until the defects in the workmanship could be resolved. Newport filed a claim of lien for the balance due on the contract and then filed a complaint seeking to enforce and foreclose the construction lien. The Rhodes filed a counterclaim alleging that Newport had breached its contract by failing to complete the contract according to the plans and specifications. The parties stipulated that the Rhodes were entitled to a credit of $2586 for unfinished labor and, therefore the unpaid balance of the contract due and owing was $21,397.01.
The parties submitted their dispute to arbitration and, following a hearing, an arbitrator found that Newport had breached the contract and that the Rhodes were entitled to set off $18,000 in damages from the amount owed on the contract, leaving a balance of $3397.01 due to Newport. The Rhodes paid Newport the arbitration award in full. Nonetheless, Newport filed a motion to enforce and convert the arbitration decision to a judgment and to foreclose the lien. Newport also sought an award of attorney’s fees. The trial court granted the motion and entered a final judgment of foreclosure. We reverse.
Once the Rhodes paid the arbitration award, it was unnecessary to enforce the lien. Cf Beach Resorts Int’l, *1247 Inc. v. Clarmac Marine Constr. Co., 339 So.2d 689, 692 (Fla. 2d DCA 1976) (holding that because the defendant submitted payment of the arbitration award to the plaintiff “no enforcement was needed and the application of a mechanic’s lien was unnecessary”). “Payment of the arbitration award and acceptance of the same constituted settlement of the real controversy between the parties.” Id. Accordingly, Newport was not entitled to a judgment of foreclosure.
In the final judgment, the court also found that Newport was the prevailing party and was entitled to an award of attorney’s fees and costs but reserved jurisdiction as to the amount. Because the order determines that Newport is entitled to fees but does not determine the amount, it is a nonfinal order not yet ripe for appellate review. See Allstate Ins. Co. v. Jenkins, 32 So.3d 163, 165 (Fla. 5th DCA 2010) (“[A]n attorney’s fee award is not appealable until both the issues of entitlement and amount are ruled upon.”). Accordingly, we dismiss the portion of the appeal regarding the trial court’s ruling on attorney’s fees.
Reversed in part; dismissed in part.
WALLACE and KHOUZAM, JJ., Concur.