# Third District Court of Appeal

## State of Florida

Opinion filed April 20, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-455
Lower Tribunal No. 95-25479B
_____

**Manassah Junior Paul,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.140(b)(2) from the Circuit Court for Miami-Dade County, Spencer Eig, Judge.

Manassah Junior Paul, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before EMAS, LOGUE and SCALES, JJ.

PER CURIAM.

## ON MOTION FOR CLARIFICATION

We grant Paul's motion for clarification, withdraw our previously-issued opinion, and substitute the following opinion in its stead.

We treat Paul's petition for writ of certiorari as an appeal from the trial court's order denying motion to correct illegal sentence and the trial court's amended order denying motion to correct illegal sentence [1] and affirm. See Irizarry

---

[1] On September 16, 2015, the trial court rendered an order denying Paul's motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). Paul filed a motion for rehearing on October 5, 2015. On October 13, 2015 (while the motion for rehearing remained pending before the trial court), Paul filed a notice of appeal of the trial court's September 16th order denying his motion to correct illegal sentence. Paul v. State, No. 3D15-2434 (Fla. 3d DCA Dec. 21, 2015). While that appeal was pending, the trial court granted the pending motion for rehearing and indicated it intended to clarify its earlier order denying relief.

Paul then filed the instant petition for writ of certiorari, arguing that, by filing his notice of appeal of the September 16th order, he had "abandoned" his motion for rehearing and the trial court therefore had no authority to rule on the motion for rehearing while his appeal was pending. However, the Florida Rules of Appellate Procedure were amended in 2014 (effective January 1, 2015) to provide that, under such circumstances, the motion for rehearing is not abandoned; instead, the final order denying the motion to correct illegal sentence is not deemed rendered until the filing of a signed order disposing of the motion for rehearing. Under such circumstances, the appeal is to be held in abeyance until the filing of a signed, written order disposing of the motion for rehearing. See Fla. R. App. P. 9.020(i)(3); In re Amendments to the Florida Rules of Appellate Procedure, 183 So. 3d 245 (Fla. 2014).

This court held in abeyance the appeal in 3D15-2434, and dismissed that appeal as moot when the trial court granted rehearing on November 10, 2015. On January 22, 2016 the trial court ruled on the merits of Paul's motion for rehearing; in doing so, the trial court clarified the September 16th order, but ultimately continued to deny Paul his requested relief under rule 3.800.

In order to provide Paul with proper appellate review of the trial court's September

2

v. State, 905 So. 2d 160 (Fla. 3d DCA 2005); State v. Reardon, 763 So. 2d 418 (Fla. 5th DCA 2000); Washington v. State, 752 So. 2d 16 (Fla. 2d DCA 2000). See also § 775.021(4)(a)-(b), Fla. Stat. (1995); Roughton v. State, 41 Fla. L. Weekly S70 at *4 (Fla. February 25, 2016) (receding from Gibbs v. State, 698 So. 2d 1206 (Fla. 1997) and holding that "a double jeopardy analysis must—in accordance with section 775.021(4)—be conducted without regard to the accusatory pleading or the proof adduced at trial, even where an alternative conduct statute is implicated.")

---

16, 2015 order denying relief, and the trial court's January 22, 2016 amended order following rehearing, we treated this petition as a direct appeal from those two orders.