DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DEEDRA ARTIS,** as personal representative of the **ESTATE OF THEOPHILUS MORLEY**
Appellant,

v.

**CAMILLE STEPHENS,**
Appellee.

No. 4D2024-3049

[June 3, 2026]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Daniel A. Casey, Judge; L.T. Case No. 062020CA014044AXXXCE.

Owei Belleh of The Belleh Law Group, PPLC, Fort Lauderdale, for appellant.

Tshai Wright of Tshai Wright Law, Miramar, for appellee.

LEVINE, J.

Appellee sought partition of a jointly-owned house as well as unequal distribution of the proceeds from that partition. The trial court granted appellee's request for an unequal distribution. On appeal, appellant raises three issues: (1) the trial court erred in granting appellee full credit for the payments made to bring the subject property out of foreclosure, totaling $39,000; (2) the trial court erred in awarding appellee a credit of $23,400 for rent payments made at an alternate property; and (3) the trial court erred in awarding appellee attorney's fees.[1] We find that the trial court did not abuse its discretion in awarding appellee full credit for the foreclosure payment. However, we reverse the portion of the order granting appellee credit for rental payments made at an alternate property because appellee

---

[1] We dismiss the third issue because an order determining entitlement to attorney's fees without setting the amount is a nonfinal order not yet ripe for appellate review. *See Rhodes v. Newport Bldg. & Constr., Inc.*, 86 So. 3d 1245, 1247 (Fla. 2d DCA 2012); *see also Dania Beach Boat Club Condo. Ass'n v. Forcier*, 290 So. 3d 99, 102 (Fla. 4th DCA 2020).

was required, and failed, to present evidence of the reasonable rental value of the jointly-owned house.

This case starts with two individuals, appellee and appellant, who jointly purchased a house as tenants in common in 1996.[2] Each individual paid an equal amount towards the down payment. At first, the mortgage was $1,100 a month. Appellee paid for household items and contributed $500 a month towards the monthly mortgage payment. Appellant was responsible for paying the rest of the monthly mortgage payment. Years passed, but the arrangement held. Even when the mortgage payment increased, appellant continued to pay the monthly payment over and above the $500 monthly contribution from appellee.

Financially, there were difficult times for appellant. The house entered foreclosure on two occasions. But appellee paid a large sum on each of these occasions to save the house from foreclosure, totaling $39,000. Still, appellant and appellee held to this working arrangement, where appellant continued to pay for a larger or unequal share of the monthly mortgage payment. All was well and good.

But then "gradually and then suddenly" things changed.[3] Appellee voluntarily moved out of the house in 2020. Appellee explained that "[t]hings hadn't been going well [] for quite some time." When appellee attempted to return to the property she discovered, to her chagrin, that appellant had changed the locks and placed appellee's remaining belongings in a storage facility. Appellee now *had* to move to another residence, costing appellee $1,300 per month in rent.

Appellee sought a partition of the house, as well as a declaration of appellee's ownership interest, and unequal distribution of the proceeds and interest. Eventually, the trial court granted appellee's requested unequal distribution of the proceeds from the partition.

After rehearing, the court entered a final order finding that appellant and appellee had an agreement that appellant was responsible for the mortgage payment, and appellant had breached this agreement when the

---

[2] Appellant Theophilus Morley died during the litigation and was substituted by his estate. When we refer to appellant prior to the initiation of the litigation, we refer to the individual Theophilus Morley.

[3] ERNEST HEMINGWAY, THE SUN ALSO RISES 136 (Charles Scribner's Sons 1954) (1926).

property entered foreclosure on two separate occasions. Based on the agreement of unequal responsibility, the court found appellee had no obligation to make the two payments to save the property and, thus, was entitled to the full credit of $39,000 for those payments. The court also found that by changing the locks on the property after appellee moved out, appellant forcibly evicted appellee and denied her access to the property, forcing her to pay rent elsewhere. The court found this entitled appellee to a credit of $23,400 for rents she paid as a result of being excluded from the property, at a rate of $1,300 a month. Appellant was credited $7,600 for the efforts expended in preserving and preparing the property for sale. Appellee was awarded attorney's fees in an amount to be agreed upon by both counsels, and if an agreement could not be met, an evidentiary hearing would be held.

From this order appellant appeals.[4]

A trial court's determination of credits and set-offs in a partition action is reviewed for an abuse of discretion and must be supported by competent, substantial evidence. *See Armao v. McKenney*, 218 So. 3d 481, 485 (Fla. 4th DCA 2017).

## I. Foreclosure Payments

Appellant argues that the trial court erred in awarding appellee a full $39,000 credit for payments made to bring the property out of foreclosure, contending that appellee, as a fifty-percent cotenant, was only entitled to reimbursement for appellant's proportional share. Appellee responds that the foreclosure payments were made pursuant to the parties' longstanding agreement allocating responsibility for the mortgage primarily to appellant, and that appellant's failure to satisfy that obligation necessitated the payments.

Although cotenants generally share responsibility for property-related expenses, that obligation may be altered by agreement. *See Biondo v. Powers*, 743 So. 2d 161, 164 (Fla. 4th DCA 1999); *McFall v. Trubey*, 992 So. 2d 867, 869 (Fla. 2d DCA 2008).

Here, competent, substantial evidence supports the trial court's finding that the parties operated under an unequal expense-sharing arrangement,

---

[4] We find appellee's argument that this court lacks jurisdiction meritless. *See Paul v. State,* 188 So. 3d 985, 986 n.1 (Fla. 3d DCA 2016); *see also Miller v. Ko,* 426 So. 3d 556, 560-61 (Fla. 3d DCA 2025).

under which appellant bore primary responsibility for the mortgage while appellee contributed a fixed amount. The record further supports the finding that the foreclosure resulted from appellant's failure to satisfy that obligation, upon which appellee made the $39,000 payments outside the scope of her agreed-upon responsibilities and outside the scope of her duties as a cotenant. *See Bartolucci v. McKay*, 428 So. 2d 378, 378-79 (Fla. 5th DCA 1983) (providing that the petitioner could not be ordered to sign a new financing mortgage loan to avoid a foreclosure sale).

Under these circumstances, the trial court did not abuse its discretion in awarding appellee full reimbursement of the foreclosure payment. *See Bailey v. Covington*, 317 So. 3d 1223, 1229 (Fla. 3d DCA 2021) (recognizing entitlement to credit where one cotenant bears a disproportionate share of obligations). Because the payment was not made as part of appellee's proportional obligation as a cotenant, but rather was to cure appellant's default under the parties' agreement, the full credit was supported by competent, substantial evidence. Appellant further failed to meet the burden of establishing the existence of an alternate repayment agreement. *See Bates v. Bates*, 345 So. 3d 328, 333 (Fla. 3d DCA 2021) (providing that the trial court's findings are clothed with a presumption of correctness and the credibility afforded to the appellee cannot be reweighed on appeal) (citing *Baker v. Baker*, 394 So. 2d 465, 466 (Fla. 4th DCA 1981)).

## II. Rental Credit

Appellant also argues that the trial court erred in awarding appellee a credit based on the amount she paid in rent for alternate housing when finding that appellant forcibly evicted her. Specifically, appellant contends that any credit must be measured by the reasonable rental value of the subject property, not appellee's actual expenses incurred elsewhere. Appellant further asserts that appellee failed to present any competent evidence establishing the subject property's reasonable rental value.

Appellee maintains that the award was proper because her rental payments constituted the only competent evidence before the trial court regarding rental value during the time she was excluded from the property, and appellant failed to present any competing evidence.

Under Florida law, when one cotenant is in exclusive possession of property due to ouster or adverse possession, the ousted cotenant is entitled to compensation measured by the reasonable rental value of the property. *See Cauble v. Kaczmarski*, 421 So. 3d 776, 779 (Fla. 3d DCA 2025) (citing *Barrow v. Barrow*, 527 So. 2d 1373, 1377 (Fla. 1988)); *see also Adkins v. Adkins*, 595 So. 2d 1032, 1034 (Fla. 1st DCA 1992). This

4

principle reflects that the cotenant in possession has enjoyed use of the property beyond their proportional ownership interest. *See Barrow*, 527 So. 2d at 1376-77.

Here, competent, substantial evidence supports the trial court's finding that appellee was ousted when appellant changed the locks and prevented her from regaining access to the property. *See Moraitis v. Galluzzo*, 511 So. 2d 427, 429 (Fla. 4th DCA 1987) (holding that changing the locks and denying access constitutes an ouster). However, the proper measure of compensation for such an ouster is the reasonable rental value of the subject property, not the ousted cotenant's actual rental expenses. *See Ombres v. Ombres*, 549 So. 2d 1113, 1114 (Fla. 4th DCA 1989).

The record reflects that appellee presented evidence only of the rent she paid for an alternative residence. No evidence was introduced establishing the reasonable rental value of the subject property. Nonetheless, the trial court awarded a credit based on those rental payments, expressly tying the award to appellee's out-of-pocket expenses.

Because the purpose of the credit is to account for the occupying cotenant's disproportionate use of the property—not to reimburse the ousted cotenant for substitute housing—the trial court's reliance on appellee's actual rental expenses reflects an incorrect application of law. *See Collier v. Collier*, 343 So. 3d 183, 186 (Fla. 1st DCA 2022) (providing the failure to apply the correct legal rule is erroneous as a matter of law); *Barrow*, 527 So. 2d at 1377.

Where a party fails to present evidence from which the reasonable rental value of the property can be determined, courts have declined to award such an offset. *See Nelson v. Nelson*, 544 So. 2d 273, 274 (Fla. 1st DCA 1989). Here, the trial court properly determined that an ouster occurred, but the record does not contain competent evidence supporting the amount of the credit for the reasonable rental value of the subject property. Accordingly, because appellee had the opportunity to present such evidence but failed to do so, the award of the rental credit must be reversed.

*Affirmed in part, reversed in part, and dismissed in part.*

KUNTZ, C.J., and SHAW, J., concur.

*     *     *

**Not final until disposition of timely-filed motion for rehearing.**