391 So.2d 691 (1980)
Betty June MELVIN, Appellant,
v.
Billy James MELVIN, Appellee.
No. PP-40.
District Court of Appeal of Florida, First District.
November 7, 1980.
As Corrected on Denial of Rehearing December 31, 1980.
*692 Bill A. Corbin, Blountstown, for appellant.
Charles M. Wynn, Marianna, for appellee.
LILES, WOODIE A., Associate Judge
Betty June Melvin filed a motion for contempt against her ex-husband, Billy James Melvin, seeking to enforce the provisions of a final decree of divorce and stipulation obtained on June 3, 1966. Her petition did not allege a specific sum of child support in arrears. However, the evidence at the hearing supported the lack of support payments from March 10, 1967, to the date of the hearing in an amount in excess of $9,000.00.
At the conclusion of the hearing, the trial judge found that the ex-husband and father was in contempt of court and accepted the affirmative defense of the statute of limitations so that only five years delinquency was required to be paid; and he ordered that it be paid at the rate of $100.00 per month, without interest. He allowed the mother's attorney $1,500.00 and ordered the ex-husband to pay court costs. This appeal ensued, and the mother assigns five points upon which she requests that the trial judge be reversed.
The most obvious error and the point upon which we reverse concerns the application of the statute of limitations. This Court recently held in Armour v. Allen, 377 So.2d 798 (Fla.1st DCA 1979), that the enforcement of support judgments is equitable in nature and is not barred by the statute of limitations. In that case, the Court quoted from Ciociola v. Ciociola, 302 So.2d 462, 464 (Fla.3d DCA 1976), and State ex rel. Aviston v. Bollinger, 88 Fla. 123, 101 So.2d 282, 283 (1924), as follows:
"The father owes a duty to nurture, support, educate and protect his child, and the child has the right to call on him for the discharge of this duty. These obligations and rights are imposed and conferred by the laws of nature; and public policy, for the good of society, will not permit or allow the father to irrevocably divest himself of or to abandon them at his mere will or pleasure."
Appellee attempts to convince this Court that the stipulation entered into between the parties should be treated as a contract and come within the purview of Isaac v. Deutsch, 80 So.2d 657 (Fla. 1955), and apply the statute of limitations as though this were a contract between the parties. We disagree with that theory without disagreeing with the conclusions reached in Deutsch. Here, we did have a stipulation as to the amount to be paid by the father as child support, which amount was incorporated in the final decree. However, be that as it may, the cases are legion that a parent may not contract away the right of a child to receive support from his father and, as was said in the Armour case, "we further hold that the four-year limitations period of Florida Statute § 95.11(3)(p) does not apply to claims for child support."
Appellant seeks reversal of the trial judge's failure to award interest on the amount of the arrearage. We are compelled to reverse. Interest should be allowed on the arrearage judgment from the date of the last support payment to the date of the arrearage judgment to be entered upon remand. It should be noted that compounded interest is prohibited. See, Coggan v. Coggan, 183 So.2d 839 (Fla.2nd DCA 1966).
Appellant sought also to have support payments increased based on increased needs of the child and improved financial conditions of the father. After hearing the testimony, the trial judge awarded her a $10.00 per week increase, bringing the total support to $25.00 per week. Based upon the evidence at the hearing, the father's financial position has improved greatly since the entry of the final decree in 1966. The child is now a teenage daughter whose needs have increased; and, while there is no *693 formula for exact percentages or dollar amounts, we believe the trial judge abused his discretion in only granting a $10.00 per week increase. It may well be that upon rehearing the record will support an increase of this small amount. However, this record does not, in our opinion, do so. See, Hendry v. Hendry, 340 So.2d 942 (Fla. 4th DCA 1976); Banks v. Graham, 252 So.2d 864 (Fla.3d DCA 1971); and Nixon v. Nixon, 200 So.2d 263 (Fla.3d DCA 1967).
The other points relied upon by Appellant regarding the beginning date of the increased child support and the award of attorney fees are without merit. The trial judge has the authority to defer effective dates of payment, and the fact that he did not require the increased payments to begin until July 13, 1979, is not an abuse of discretion.
The awarding of the attorney fees of $1,500.00 was likewise within the discretion of the court, and we believe the trial judge was more than generous to petitioner's attorney.
For the foregoing reasons, the trial court's holding regarding arrearages and the interest on the arrearages is reversed. The increased support is reversed and remanded with directions, and the remainder of the trial court's order is affirmed.
REVERSED IN PART; AFFIRMED IN PART; and REMANDED for proceedings not inconsistent with this opinion.
BOOTH and SHAW, JJ., concur.