GRIMES, Acting Chief Judge.
Appellant (wife) sought to hold appellee (husband) in contempt for failure to make child support payments required by the final judgment of dissolution. At the hearing-it was determined that the husband was in arrears by the sum of $7,900.90. The court entered judgment which provided in its entirety as follows:
ORDERED AND ADJUDGED that
1. Former Husband, DANIEL GENE LEIRER, is in Contempt of Court for his failure to pay periodic permanent child support as provided for in the Final Decree entered February 11, 1969 in the captioned cause in the amount of $4,000.00, along with payment toward Former Wife’s reasonable attorney fee in the amount of $1,000.00, for a total of $5,000.00 which shall not accrue interest and for which Judgment is entered.
2. Former Husband may purge himself of contempt by paying on account of said judgment the sum of $100.00 per month payable on the first day of each calendar month hereafter until said judgment is paid in full.
3. This court retains jurisdiction of this cause and the parties hereto enter such other and further Orders as may be necessary to enforce compliance with this judgment.
The court was within its discretion in declining to hold the husband in contempt for failure to pay the total arrear-age. Smithwick v. Smithwick, 343 So.2d 945 (Fla. 3d DCA 1977). However, in the absence of compelling circumstances, which were not present in the instant case, the unpaid installments of child support constituted vested property rights which the court had no power to reduce. Teta v. Teta, 297 So.2d 642 (Fla. 1st DCA 1974); Petrucci v. Petrucci, 252 So.2d 867 (Fla. 3d DCA 1971). Moreover, the wife was entitled to interest on the unpaid arrearages. Melvin v. Melvin, 391 So.2d 691 (Fla. 1st DCA 1980), petition for review denied, 399 So.2d 1144 (Fla.1981).
We approve of the judgment as it relates to matters of contempt and the award of attorney’s fees. However, we remand with directions to supplement the provisions thereof by entering judgment in favor of the wife for the entire amount of the ar-rearages plus interest thereon.
SCHOONOVER and HALL, JJ., concur.