561 So.2d 1267 (1990)
Linda Susan EVERETT, Appellant,
v.
William Lewis EVERETT, Appellee.
No. 89-02928.
District Court of Appeal of Florida, First District.
May 22, 1990.
Rehearing Denied June 27, 1990.
*1268 Michael T. Webster of Webster & Merritt, Shalimar, for appellant.
Richard M. Denney, Fort Walton Beach, for appellee.
BOOTH, Judge.
This cause is before us on appeal from a final judgment determining appellant's rights under the prior judgment of dissolution to proceeds from the sale of the former marital residence.[1] On appeal, appellant contends that the court erred in requiring her to pay one-half of the expenses for the preservation and maintenance of the last marital home and in denying her request to offset the expenses by the fair rental value of the property. She asserts that the parties' property settlement agreement provides that appellee shall be liable for all obligations of the last marital home and that the proceeds of the sale of the home are to be evenly divided.
We find that the plain language of the property settlement agreement[2] governs and provides that the proceeds from the sale of the home should be divided equally. Janer v. Janer, 532 So.2d 59 (Fla. 3d DCA 1988); Mandy v. Williams, 492 So.2d 759 (Fla. 4th DCA 1986). In view of this holding, it is unnecessary to rule on appellant's alternative claim of offset for rental value.
Accordingly, we reverse the trial court's order awarding appellee credit for expenses of preservation and maintenance, and remand for further proceedings consistent herewith.
JOANOS and BARFIELD, JJ., concur.
NOTES
[1] The marriage of the parties was dissolved by judgment dated April 19, 1982, which judgment incorporated the parties' property settlement agreement.
[2] The agreement provides in part:

Real Estate
The parties own real estate located at 323 Kathleen Place, Ft. Walton Beach, Florida. The parties agree that the Husband shall continue to use and occupy the real property. The Husband shall be liable for all obligations against the real property.
The parties agree that should the real property [the marital home in Fort Walton Beach] be sold, the proceeds of the sale shall be evenly divided after expenses of sale.