566 So.2d 865 (1990)
Mary W. APPLEGATE, a/K/a Mary Meloy, Appellant,
v.
Richard Lee APPLEGATE, Appellee.
No. 89-2125.
District Court of Appeal of Florida, First District.
September 5, 1990.
Anthony E. Fiorentino, Pensacola, for appellant.
Richard Lee Applegate, pro se.
WENTWORTH, Judge.
Appellant seeks review of an order by which the trial court denied her motion for *866 the interest which had accrued, through the date of an arrearage judgment, on overdue child support payments owed to her by her ex-husband. We reverse.
Appellant filed a motion for contempt against appellee in mid-1988 for his failure to pay child support, and the trial court subsequently found appellee in contempt and found the amount of child support arrearage to be more than $12,000. Appellant then filed a motion for arrearage judgment, specifically requesting "interest on the arrearage from the date that the support payment was due" to the date of the arrearage judgment. An arrearage judgment was entered against appellee in September 1988, but the judgment provided for interest on the arrearage accumulating only from the date of the arrearage judgment.
In Melvin v. Melvin, 391 So.2d 691 (Fla. 1st DCA 1980), this court reversed the trial court's decision to deny interest on the child support arrearage, noting that "[i]nterest should be allowed on the arrearage judgment from the date of the last support payment to the date of the arrearage judgment... ." In the case at bar, the trial court erred in refusing to award, in addition to the interest which accumulates on the arrearage judgment itself, the interest which accrued on each overdue payment between the date on which the payment became due and the date of the judgment. On remand, appellant is permitted to submit evidence demonstrating the amount of this interest which has accrued.
Reversed and remanded for further consistent proceedings.
NIMMONS and ALLEN, JJ., concur.