596 So.2d 106 (1992)
Sue HOLT, Appellant,
v.
Charles T. HOLT, Appellee.
No. 91-752.
District Court of Appeal of Florida, First District.
March 11, 1992.
Rehearing Denied April 29, 1992.
Charles B. Lembcke, Datz, Jacobson & Lembcke, P.A., Jacksonville, for appellant.
David B. Lee, Jr., Lee, Hallowes & Green, Chtd., Orange Park, for appellee.
PER CURIAM.
Presented with cross motions for modification of the former husband's support obligation, the trial court entered an order denying the former wife's motion for an increase in family support, decreasing the former husband's support obligation because of the emancipation of one of the parties' children, determining the former husband's arrearage and ordering him to pay the full amount plus post-judgment interest within 120 days. In a separate order, the court required the former husband to pay a portion of the former wife's attorney's fee. The appellant, Sue Holt, challenges the trial court's orders and presses four issues on appeal. We have examined the briefs, the record and the appellant's notice of additional authority and find merit in one of her four arguments.
The appellant persuasively argues that the trial court erred when it neglected to require the former husband to pay any prejudgment interest on the family support arrearage. See Applegate v. Applegate, 566 So.2d 865, 866 (Fla. 1st DCA 1990) and Melvin v. Melvin, 391 So.2d 691, 692 (Fla. 1st DCA 1980), rev. denied, 399 So.2d 1144 (Fla. 1981). Accordingly, this matter is returned to the trial court for entry of an appropriate award of prejudgment interest on the former husband's arrearage. The remaining portions of the trial court's orders are affirmed.
WIGGINTON, ALLEN and WOLF, JJ., concur.