596 So.2d 1172 (1992)
Kenneth AGERSKOV, Appellant,
v.
Joanne GABRIEL f/k/a Joanne Agerskov, Appellee.
No. 91-03042.
District Court of Appeal of Florida, Second District.
April 1, 1992.
George J.F. Werner, Clearwater, for appellant.
Philip A. McLeod of McCutcheon, Rowan & McLeod, St. Petersburg, for appellee.
LEHAN, Judge.
An ex-husband appeals an order granting his ex-wife's motion to enforce a final judgment of dissolution of marriage. He contends, among other things, that the motion was in reality a motion to modify the parties' property rights under the final judgment and was improper because the trial court's jurisdiction was limited to enforcement of the judgment. We agree with that contention and reverse.
The husband and wife entered into a property settlement agreement which was later incorporated into a final judgment of dissolution of marriage. The final judgment contained a general reservation of jurisdiction to enforce its terms. The property settlement agreement spelled out the parties' rights with respect to numerous items of real and personal property. At issue here are the provisions concerning two of the real properties dealt with in the agreement. With respect to each of these properties the agreement provided that the husband would pay the mortgage, taxes and insurance, and upon sale of the property, would receive credit for any reduction in principal and interest paid, after which the net proceeds of the sale would be divided equally between the parties. There is no claim that the wife is entitled to, or was prevented from having or sharing, possession. In fact, she refers to the husband's interests in the properties as possessory.
The wife's motion sought to obtain "an offset [against the foregoing credit to the husband] equal to 100% of the fair rental value" of the properties from the date of the final judgment to the date of sale of the properties. After a hearing which was *1173 for the sole purpose of determining the respective rights of the parties under the marital settlement agreement, the trial court determined that because the agreement was silent as to the parties' respective entitlements to rents, common law principles pertaining to tenancies in common applied. On the basis of those principles the court ruled that the wife was entitled to one-half of the reasonable fair market rental value of the properties.[1] In addition, the court ruled that the husband could deduct from the reasonable fair market rental value one-half of additional reasonable operating expenses for the property before calculation of the foregoing entitlement of the wife.
We reverse because the property settlement agreement set out the rights of the parties without providing for the entitlement which the wife's motion asserted. The agreement included a provision that "Each party declares this to be a full, final and complete settlement of his or her property rights." The court, we conclude, was without authority to entertain the wife's motion which was to determine property rights that had been settled by the final judgment. See Poling v. Tresidder, 373 So.2d 405, 406 (Fla. 4th DCA 1979). See also Mason v. Mason, 371 So.2d 226, 227 (Fla. 2d DCA 1979). The motion was in effect to modify, rather than enforce, the final judgment which had incorporated the language of the property settlement agreement. See Everett v. Everett, 561 So.2d 1267 (Fla. 1st DCA 1990), rev. denied, 576 So.2d 286 (Fla. 1990); Janer v. Janer, 532 So.2d 59 (Fla. 3d DCA 1988).
Our conclusion that the order modified, rather than enforced, the agreement is buttressed by the portion of the order noted above which provides the husband with a deduction for additional reasonable operating expenses for the property. The agreement also did not include a provision to that effect. Nor apparently did the husband claim such a deduction.
The wife relies upon Brandt v. Brandt, 525 So.2d 1017 (Fla. 4th DCA 1988), a five to four en banc decision of the Fourth District Court of Appeal, arguing that the offset she seeks should be considered an implied term of the property settlement agreement. In that case real property was to be sold and the proceeds divided between an ex-wife, who was in possession, and an ex-husband. A credit to the wife for expenses she had incurred on the property was held to have been "an implied term of ... [the] judgment or [property settlement] agreement that [was] silent on the subject." Goolsby v. Wiley, 547 So.2d 227, 228 (Fla. 4th DCA 1988). This holding of Brandt, as described in Goolsby, appears in contrast to that of Everett and Janer and to Poling and Mason. However, as the wife's further argument in this case seems effectively to concede, Brandt is factually distinguishable. That is, in Brandt the wife in possession was seeking reimbursement for expenses, as contrasted with the wife in this case who is not in possession and is seeking the right to an offset for the reasonable rental value of the properties. In any event, we would disagree with Brandt to the extent the court in that case effectively rewrote the agreement, as is in effect the position of the Brandt dissent. 525 So.2d at 1021-22.
In the final analysis it appears that the trial court in this case in effect modified the agreement, which had been court approved, to achieve perceived reasonableness. However, "The role of the courts is not to make an otherwise valid contract more reasonable or less unreasonable from the standpoint of one contracting party." AC Associates v. First Nat'l Bank of Florida, 453 So.2d 1121, 1129 (Fla. 2d DCA 1984).
Reversed. The order is vacated.
RYDER, A.C.J., and THREADGILL, J., concur.
NOTES
[1] For a discussion and application of the common law in a case like this except for the absence of a property settlement agreement see Adkins v. Adkins, 595 So.2d 1032 (Fla. 1st DCA 1992).