FRANK, Judge.
Earl Behnke (Behnke) and the Florida Department of Health and Rehabilitative Services, dissatisfied with the computation of the amount to be paid as child support, appeal from the trial court’s order. We reverse.
Behnke and appellee, Cathy Behnke-Coolidge (Coolidge), were divorced on August 20, 1981. The marriage produced one child born December 22,1974. Pursuant to the final judgment of dissolution, Coolidge received custody of the child. Behnke was ordered to pay child support in the sum of $25 per week. Behnke and Coolidge stipulated that Behnke had failed to meet that obligation for a number of years and by March 5, 1991, it reached the sum of $10,-073.00. At some point that cannot be determined from the record, custody of the child shifted to Behnke and he sought financial assistance from Coolidge. The trial court awarded Behnke $210.88 per month, a sum apparently extrapolated from the guidelines, see § 61.30, Fla.Stat. (1989), but it reduced that amount and directed Coolidge to pay only $50 per month. We are at loss to understand this aspect of the support order. By reducing Coolidge’s monthly payment to $50.00, is Behnke to receive a monthly credit of $160.88 toward the reduction of his arrears in light of his current custody and maintenance of the child? That result, which appears to have been intended, cannot be reconciled with the statement in the order that “arrears [are] to accumulate until such time as [Behnke] is able to pay toward the arrears.”
In any event, it is not our function to refashion the trial court’s order or to guess at its meaning. It may well be that the trial court sought to devise an equitable arrangement it perceived to be within the authority granted by section 61.-30(10)(i), Florida Statutes (1989), thus allowing Coolidge to recover the unpaid debt by reducing her monthly payments from $210.88 to $50. If so, that approach ignores that the child support not paid by Behnke is a vested property right in Coolidge, Ledford v. Leirer, 486 So.2d 42 (Fla. 2d DCA 1986); Guarino v. Guarino, 431 So.2d 189 (Fla. 2d DCA), pet. for rev. dismissed, 441 So.2d 632 (Fla.1983), and that she is entitled to interest on the accrued debt. Melvin v. Melvin, 391 So.2d 691 (Fla. 1st DCA 1980), rev. denied, 399 So.2d 1144 (Fla.1981). We cannot determine, however, whether the trial court considered these principles in entering the support order. Moreover, within the confines of the parents’ financial capability, a trial court’s paramount concern in matters of this kind is to protect the economic welfare of the child, not to balance through set-off a creditor-debtor relationship.
We remand this matter with directions that the trial court enter judgment against Behnke in the amount of $10,073, with interest, and an order accurately reflecting, with appropriate findings, Coolidge’s financial responsibility for support of the child.
LEHAN, A.C.J., and ALTENBERND, J., concur.