611 So.2d 92 (1992)
Linda Barron ROMANS, Appellant,
v.
A. Robert ROMANS, Appellee.
No. 91-1032.
District Court of Appeal of Florida, First District.
December 31, 1992.
Charles B. Lembcke, of Datz, Jacobson & Lembcke, P.A., Jacksonville, for appellant.
A. Robert Romans, pro se.
SHIVERS, Judge.
The former wife appeals several orders of the trial court 1) determining the appropriate distribution of proceeds from the sale of the former marital home and 2) denying prejudgment interest on alimony and child support arrearages. The parties and the trial court are bound by the terms of the parties' original stipulation and agreement, as incorporated into the final judgment of dissolution of marriage, and by their subsequent oral agreement made in April 1989. See Everett v. Everett, 561 So.2d 1267, *93 1268 (1st DCA), rev. den., 576 So.2d 286 (Fla. 1990); Bingemann v. Bingemann, 551 So.2d 1228, 1231-32 (1st DCA 1989), rev. den., 560 So.2d 232 (Fla. 1990); Agerskov v. Gabriel, 596 So.2d 1172 (Fla. 2d DCA 1992); Mandy v. Williams, 492 So.2d 759 (Fla. 4th DCA 1986). The oral agreement provided that, until the real property sold, Appellant and Appellee would each pay one-half of the mortgage payments, the former wife would maintain the inside of the former marital home, and the former husband would keep up the yard and maintain the unoccupied home in preparation for resale. We are compelled to reverse the following awards: 1) credits to both parties for repairs and maintenance made by each pursuant to section 15 of the separation agreement and the final judgment; 2) credit to the former husband for the full amount of repairs and expenses to maintain the former marital home pursuant to the oral agreement, and 3) credit to the former husband for the full amount of his purported mortgage payments. Additionally, we find ample decisional support for our holding that the trial court erred in failing to award prejudgment interest on alimony and child support arrearages. Melvin v. Melvin, 391 So.2d 691 (1st DCA 1980), pet. for rev. den., 399 So.2d 1144 (Fla. 1981); Holt v. Holt, 596 So.2d 106 (Fla. 1st DCA 1992); Applegate v. Applegate, 566 So.2d 865 (Fla. 1st DCA 1990); Ledford v. Leirer, 486 So.2d 42 (Fla. 2d DCA 1986). We affirm the orders in all other respects.
Absent any evidence on which the trial court could base a finding that the amounts spent by Appellant and Appellee were for "reasonable and necessary major repairs" pursuant to their original agreement, those awards are to be recalculated based on competent evidence submitted by the parties. Potter v. Garrett, 52 So.2d 115 (Fla. 1951); Leatherwood v. Sandstrom, 583 So.2d 390, 392 (Fla. 4th DCA 1991); Iodice v. Scoville, 460 So.2d 576 (Fla. 4th DCA 1984). Because the evidence regarding the amount of the mortgage payments allegedly paid by the former husband is not consistent with either the amounts shown in his composite exhibit or with the amount actually awarded, we are compelled to reverse that award for a determination of the proper amount due. We note that the former wife should be ordered to reimburse the former husband only her proportionate fifty per cent share, not the entire amount credited to him for mortgage payments. See Brandt v. Brandt, 525 So.2d 1017, 1019 (Fla. 4th DCA 1988). Likewise, the trial court is to determine which of the costs of repairs and expenses made by the former husband pursuant to the oral agreement are reasonable and necessary, and to award him proper credit pursuant to Brandt. Finally, we conclude that the former wife is entitled to prejudgment interest on alimony and child support arrearages from the date such payments were due. Melvin; Holt. We remand for further proceedings consistent with the decisions cited herein and with the parties' agreements.
AFFIRMED in part, and REVERSED and REMANDED in part for further proceedings.
SMITH and KAHN, JJ., concur.