PER CURIAM.
This is an appeal by the wife from an order granting modification of an amended final judgment and order on rehearing in a dissolution case wherein the trial court denied the wife’s request for reimbursement of one-half of the expenses she claimed as maintenance of the marital residence pending its sale and reduced the husband’s obligation for permanent periodic alimony from $3,000 to $1,500 per month. The wife’ also appeals the trial court’s order directing the husband to pay one-half, rather than 100 percent, of the wife’s attorney’s fees and costs. Because the parties agreed by stipulation that the husband would pay one-half of the taxes, insurance and maintenance, we reverse the trial court’s failure to award the wife one-half of what the trial court determines to be reasonable maintenance expenses paid by the wife on the marital residence pending its sale. Because we are unable to determine from the trial court’s order the basis for its reduction of alimony from $3,000 to $1,500 per month, we remand for findings by the trial court justifying this reduction in permanent alimony. We affirm the trial court’s award as to attorney’s fees.
The parties entered into a stipulation, adopted in the trial court’s order, that, pending the sale of the marital residence, the former wife would continue to reside there and that each party would be responsible for one-half the taxes, insurance and maintenance. The trial court awarded the former wife reimbursement of one-half of the taxes and insurance, but denied reimbursement of one-half of the $11,248.53 spent on lawn care, the $1,359 spent on pest control, and the $865.75 spent on repairs and professional cleaning.
Although the trial court delineated these expenses in its order, in disallowing reimbursement for one-half of these expenses, the trial court made no finding that these expenses were not maintenance costs under the parties’ stipulation, nor did it determine that these expenses were unreasonable. We are unable to discern from the order or record the basis for the trial court’s denial of payment of any portion of these expenses to the wife.
*260 Although the husband agreed by stipulation to pay one-half of the maintenance expenses, this does not automatically entitle the wife to one-half of the expenses which she presently claims. Even when the parties agree to split the maintenance expenses, the trial court retains discretion to award only those expenses which are reasonable and necessary. See Romans v. Romans, 611 So.2d 92, 93 (Fla. 1st DCA 1992) (remanding for trial court “to determine which of the costs of repairs and expenses made by the former husband pursuant to the oral agreement are reasonable and necessary ...”).
Accordingly, we reverse the trial court’s order insofar as it fails to award any portion of the maintenance expenses claimed, and remand with directions to determine which of these expenses are reasonable maintenance expenses, and to award the wife one-half of that amount. The trial court is further directed to make findings justifying the reduction of permanent periodic alimony. The order requiring the husband to pay approximately one-half of the wife’s attorney’s fee is affirmed.
ALLEN, WEBSTER and DAVIS, JJ., concur.