PER CURIAM.
The appellant, who was the petitioner below, appeals the denial of the “Petitioner’s Motion to Determine Child Support, Interest, Fees and Costs, Sequester Settlement Proceeds and Determine Priorities With Supporting Memorandum” and “Petitioner’s Motion for New Trial and/or Rehearing”. In connection therewith, appellant requests that the post-judgment order, as well as the order denying rehearing, be reversed with this cause being remanded to the trial court for a proper determination of child support arrear-ages, together with accruing interest from the dates of the appellee’s non-payment, as well as an award of the minor child’s medical bills and the appellant’s car payments, together with the appropriate interest accruing from the date of the incurrences of each of those debts.
In view of the fact that the documents and material filed with this Court support the Appellant/Former Wife’s position, and the Court noting that there has been nothing filed with this Court that, in any way, contravenes the Appellant’s arguments and claims, the orders appealed from must, of necessity, be reversed with this cause being remanded to the trial court for further proceedings as may be necessary, consistent herewith, to afford the appellant the relief sought. See Romans v. Romans, 611 So.2d 92 (Fla. 1st DCA 1992) (holding that a spouse is entitled to pre-judgment interest on alimony and child support arrearages from the date such payments were due until the date of the arrearage judgment along with the interest that accrues following the entry of the ar-rearage judgment); Applegate v. Applegate, 566 So.2d 865 (Fla. 1st DCA 1990) (same); Melvin v. Melvin, 891 So.2d 691 (Fla. 1st DCA 1980) (same); see also O’Brien v. O’Brien, 424 So.2d 970 (Fla. 3d DCA 1983); Roffe v. Roffe, 404 So.2d 1095 (Fla. 3d DCA 1981).
Reversed and remanded.