PER CURIAM.
The Florida Department of Revenue,[1] on behalf of Elisa Barraneo, appeals a final order for modification of child support for two children, now emancipated. The Department challenges the trial court’s refusal to require the father, Louis Barraneo, Jr., to make a lump sum payment and larger monthly payments toward the child support arrearage. We find no abuse of discretion in these rulings. The Department also contends the trial court erred in denying interest on the arrearage and attorney’s fees. We find error only in the failure to award attorney’s fees. We otherwise affirm the order.
The wife was not entitled to prejudgment interest on the $8,207 judgment for arrearage. Prejudgment interest accrues from the date of the last support payment to the date of the arrearage judgment only where there has been a default. See Ledford v. Leirer, 486 So.2d 42 (Fla. 2d DCA 1986); Melvin v. Melvin, 391 So.2d 691 (Fla. 1st DCA 1980). The father had been making timely support payments since the last judgment for arrearage in 1991, which was $14,-065.
The trial court improperly denied attorney’s fees by evaluating the reasonableness of the fees in determining the right to an award. §§ 409.2567 and 409.2554(11), Fla.Stat. (Supp.1994). Ability to pay the fees is the only relevant consideration for an award of attorney’s fees under Title IV-D. See Department of Revenue v. Atherley, 659 So.2d 469 (Fla. 3d DCA 1995) (administrative costs are to be assessed against a nonprevail-ing obligor upon a determination of the non-prevailing obligor’s ability to pay).
By considering the reasonableness of the attorney’s fees in denying an award, the trial court did not reach the issue of the father’s ability to pay them. The court should grant *924 the fees upon remand if the father’s financial condition — apparent from the face of the record — has not changed since the modification proceedings. The standardized attorney’s fee of $427.08 that the Department asked for was the equivalent of only one month’s payment on the arrearage. § 409.25(11), Fla. Stat. (Supp.1994) (amount of attorney’s fees determined by method approved by Federal Government).
Affirmed in part; reversed in part; remanded.
THREADGILL, C.J., and BLUE and FULMER, JJ., concur.

. The state agency responsible for administration of the child support enforcement program under Title IV-D of the Social Security Act, 42 U.S.C.A. §§ 651 et seq. (1991). § 409.2557, Fla.Stat. (Supp.1994).