915 So.2d 711 (2005)
Preeti Diwakar JAIN, Appellant,
v.
Vipul JAIN, Appellee.
No. 4D04-1589.
District Court of Appeal of Florida, Fourth District.
November 30, 2005.
*712 Michael Haymes of the Law Offices of Glantz & Glantz, P.A., Plantation, for appellant.
John H. Pelzer and Robyn L. Vines of Ruden, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for appellee.
PER CURIAM.
Preeti Diwakar Jain (former wife) appeals a final decree dissolving her marriage to Vipul Jain (former husband). The dissolution judgment provided for: 1) alimony, 2) child support, 3) equitable distribution of property, and 4) attorney's fees. Former wife challenges all four aspects of the judgment as being inadequate. We affirm the equitable distribution of property and attorney's fee award, as they were both within the trial court's broad discretion. However, based in part on the former husband's confession of error, we reverse the alimony and child support awards for the trial court's failure to make adequate and consistent factual findings.
In the original final judgment of dissolution, the trial judge awarded the former wife rehabilitative alimony of $1,453 a month, plus medical insurance for a period of three years, anticipating that the former wife could earn her teaching certificate in that time. The former husband was ordered to pay child support of $1,622 per month and 60% of the children's uncovered medical expenses. The judgment also awarded the former wife $15,000 for attorney fees. After entry of the final judgment, the trial judge retired.
The former wife moved for rehearing, pointing out that the judgment contained no findings of fact as to the income of the parties or the imputation of income to the former wife, failed to value many of the parties' assets, and failed to address marital debts or retroactive support. The motion for rehearing was initially denied by the successor judge, and a notice of appeal was timely filed. The parties then obtained a relinquishment of jurisdiction from our court and entered into an agreed order, entered by the successor judge, which allowed the original, now-senior judge, to preside over the rehearing motion.
In response to the former wife's challenge to the rulings on child support and alimony in the amended final judgment, the former husband confessed error as to the adequacy of the order. He agrees that the amended final judgment "lacks the factual findings necessary for this Court's meaningful review of the alimony and child support awards; thus reversal and remand are appropriate in order for the trial court to make written factual findings."
*713 The trial court was required to make specific findings as to each of the seven statutory alimony factors set forth in Section 61.08(2)(a)-(g) (2004). The failure to do so prevents meaningful appellate review. Peterson v. Peterson, 882 So.2d 528, 530 (Fla. 4th DCA 2004).[1] Because these findings were not made, the confession of error as to alimony is well-taken.
The child support award is similarly defective in that the trial court does not explain how the parties' net incomes were derived. Further, the court's child support numbers do not add up in a few important ways. First, the trial court imputed a $38,000 full-time teacher's salary to the former wife from day one. However, in awarding the former wife rehabilitative alimony, the court recognized that the former wife could earn at most $100 a day while working as a substitute teacher during the next three years ($21,000 a year for 210 instructional days). It was thus error to nearly double those earnings for child support purposes during the rehabilitative period. The trial court also added the alimony award on top of the full $38,000 imputed income figure, so that even in the later years, when the alimony payments end, the numbers will still be inaccurate.
Further, even if we apply the full net monthly income figures arrived at by the trial court ($12,632 for the former husband and $4,300 for the former wife), the ratio of their incomes would be 75/25, not 60/40. Utilizing this ratio, the trial court should have calculated the former husband's child support to be $2,061 per month (75% of $2,748), rather than the $1,622 actually awarded. Again, if the former wife's net income figure is adjusted downward from its inflated starting point, the final child support figure should be even higher than $2,061.
For the reasons stated above, we reverse and remand this cause for the court to re-determine the former wife's net monthly income and recalculate child support under the guidelines. See Ondrejack v. Ondrejack, 839 So.2d 867 (Fla. 4th DCA 2003) (reversing and remanding for further factual findings of parties' net incomes as predicate to child support recalculation).
On remand, the trial court shall make all necessary findings based upon the evidence in the record. See Ondrejack, 839 So.2d at 871. The trial court shall have the discretion to either: a) review the relevant portions of the existing transcript herself; or b) delegate that task to the senior judge who heard the evidence initially. Further, on remand the trial court shall expressly rule on the former wife's request for retroactive support and for an order requiring the former husband to pay for the son's private schooling, as both issues were tried initially and no findings were made as to either issue.
Affirmed in part, reversed in part, and remanded.
GUNTHER, FARMER and TAYLOR, JJ., concur.
NOTES
[1] The factors are: a) the standard of living established during the marriage; b) the duration of the marriage; c) the age and the physical and emotional condition of each party; d) the financial resources of each party, the non-marital and the marital assets and liabilities distributed to each; e) when applicable, the time necessary for either party to acquire sufficient education or training to enable such party to find appropriate employment; f) the contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education, and career building of the other party; g) all sources of income available to either party.