960 So.2d 47 (2007)
Karen Michelle VITT, etc., Appellant,
v.
Nelson Robert RODRIGUEZ, Appellee.
No. 5D06-1825.
District Court of Appeal of Florida, Fifth District.
June 15, 2007.
Douglas Bowdoin, of Douglas Bowdoin, P.A., Orlando, for Appellant.
No Appearance for Appellee.
MONACO, J.
The issue in this case is straight forward, yet curiously does not seem to have been previously addressed by the appellate courts of this state. The question posed is whether past due child support payments are to be applied first to interest that has accrued on the debt, or whether it is first to be applied to reduce the principal amount outstanding on delinquent child support payments. We conclude that it should first be applied to reduce the outstanding interest.
Briefly, the marriage of the parties was dissolved in 1989. The appellant, Karen Michelle Vitt, was awarded sole parental responsibility of the minor child that resulted from her marriage with the appellee, Nelson Robert Rodriguez. In the final judgment of dissolution Mr. Rodriguez was ordered during the minority of the child to pay $400 per month in child support for the first thirty months, and $600 per month thereafter. Mr. Rodriguez paid some support for a while, and then disappeared in 1990. He was eventually located in Tampa in 2003, at which point he was behind in his child support plus accrued interest in the amount of approximately $161,000.
Mr. Rodriguez began paying child support again in 2003 through the Clerk of the Circuit Court. The Clerk applied the payments first to current child support obligations of Mr. Rodriguez, and then to the principal amount due on past child support, rather than to interest on the delinquent support payments. The Clerk did so in accordance with a since withdrawn local administrative order which, though ambiguous, was construed to require application of payments sequentially to current child support, past child support, and finally to interest on the arrearages. Ms. Vitt did not object to the application of the *48 payments in the first instance to her former husband's current child support obligations. She did object, however, to the application of the remainder of each payment first to the principal amount of back child support, and then to interest. Because interest was not calculated on the accrued interest, it made a difference in the final analysis of approximately $30,000. See Melvin v. Melvin, 391 So.2d 691 (Fla. 1st DCA 1980), review denied, 399 So.2d 1144 (Fla.1981); Coggan v. Coggan, 183 So.2d 839 (Fla. 2d DCA), cert. denied, 188 So.2d 820 (Fla.1966).
Ms. Vitt brought this matter to the attention of the General Magistrate, who concluded that the Clerk was properly applying the payments as required by the administrative order. Ms. Vitt took exception to the conclusion of the General Magistrate, but the trial court again agreed with the methodology used by the Clerk, and rendered an order to that effect. Ms. Vitt appeals. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii).
The entitlement to interest in the child support context is well established in Florida law. Many cases have held that the spouse to whom child support is awarded is entitled to prejudgment interest for all arrearages from the date the child support is due until the date of the arrearage judgment, along with interest that accrues on the arrearage judgment itself. See, e.g., Lamar v. Lamar, 889 So.2d 983, 984 (Fla. 4th DCA 2004); Warner v. Warner, 692 So.2d 266, 270 (Fla. 5th DCA 1997); Matteo v. Matteo, 667 So.2d 1003, 1004 (Fla. 3d DCA 1996); Romans v. Romans, 611 So.2d 92 (Fla. 1st DCA 1992); Applegate v. Applegate, 566 So.2d 865, 866 (Fla. 1st DCA 1990); Melvin. The reason for this stems from the notion that unpaid child support becomes a "vested property right," and is essentially recognized as a judgment by operation of law. See Dep't of Health & Rehab. Servs. v. Atterberry, 578 So.2d 485, 486 (Fla. 5th DCA 1991). Indeed, in the present case the attorney for Mr. Rodriguez essentially conceded that interest on the missed child support payments was due.
Unfortunately, we can find no direct guidance in the statutes governing child support concerning how payments on arrearages are to be applied. We note that section 61.14(6), Florida Statutes (2006), relates that unpaid support payments that are required to be paid through a local depository or through the State Disbursement Unit are treated under certain circumstances as final judgments by operation of law; and subparagraph (6)(d) of that statute says that the depository "shall charge interest at the rate established in s. 55.03 on all judgments for support." Section 55.03, of course defines that rate of interest to be charged on judgments. Still, we have nothing that specifically applies to the issue before us. Under these circumstances, we generally seek direction from the common law.
The common law rule associated with the partial payment of debts in the United States appears to have emanated from the United States Supreme Court's decision in Story v. Livingston, 38 U.S.(13 Pet.) 359, 10 L.Ed. 200 (1839).[1] There, the high court held essentially that in applying a payment on a debt, the interest due should first be satisfied, and the balance should then to be applied to diminish the principal. If the payment falls short of the interest due, then the balance of interest is *49 not added to the principal, but should be set aside and extinguished by the next payment, if sufficient. This maxim, of course, would only be applied in the absence of a statutory, contractual or other requirement to the contrary. A decade later the Florida Supreme Court, citing to Story, adopted the same rule for application in Florida. See Hart v. Dorman, 2 Fla. 445 (Fla.1849). Since then the courts of Florida have generally adhered to the rule as enunciated in Story and Hart. See, e.g., Joyner v. Bernard, 153 Fla. 372, 14 So.2d 724, 725 (1943); Pearson v. Grice, 8 Fla. 214 (Fla.1858); Young Mfg., Inc. v. Brooks, 543 So.2d 388 (Fla. 3d DCA 1989).
In applying the common law rule to the case before us we conclude that the trial court erred in its ruling that Mr. Rodriguez's past due payments would first be applied to principal, and then to interest. The payments made by Mr. Rodriguez must first be applied to the current child support installment due, then to accrued and outstanding interest on his delinquent child support obligations, and finally to the principal amount due on unpaid child support.
REVERSED and REMANDED for action consistent with this opinion.
PALMER, J., concurs.
SAWAYA, J., concurs in part, dissents in part, with opinion.
SAWAYA, J., concurring in part; dissenting in part.
I agree with the majority that the order allocating the arrearage payments to reduce the unpaid principal rather than the accrued interest should be reversed. However, I respectfully disagree with the majority's adoption of a strict rule requiring past due child support payments be applied to accrued interest first. It is my view that the question of whether such payments should first be applied to principal or interest, or whether a percentage of the payments should be applied to each, is a matter that should be left to the sound discretion of the trial court. Accordingly, I would reverse and remand this case to the trial court to resolve this issue based on the exercise of its sound discretion.
This court has held that "the trial court has discretion in determining the manner in which arrearages will be repaid. . . ." Dep't of Revenue ex rel. Hall v. Hall, 699 So.2d 1036, 1038 (Fla. 5th DCA 1997). Other courts have adopted this rule, and it has long been part of our jurisprudence. See State, Dep't of Health & Rehab. Servs. v. Alvarez, 629 So.2d 247, 248 (Fla. 3d DCA 1993); Puglia v. Puglia, 600 So.2d 484, 486 (Fla. 3d DCA 1992); Larger v. Diaz, 595 So.2d 1092, 1094 (Fla. 3d DCA 1992); Leone v. Weed, 474 So.2d 401 (Fla. 4th DCA 1985); Shellmyer v. Shellmyer, 418 So.2d 477, 478 (Fla. 4th DCA 1982); Smithwick v. Smithwick, 343 So.2d 945 (Fla. 3d DCA 1977); Gottesman v. Gottesman, 220 So.2d 640 (Fla. 3d DCA 1969). Clearly, determining the manner in which arrearages will be repaid includes the task of designating whether the payments will be applied to the principal or to the interest, or whether a percentage should be applied to each.
One factor the trial court must consider in exercising its discretion is the parent's ability to pay. Hall; Alvarez; Puglia. In some instances, for example, a parent may only have the ability to pay current obligations and a small portion of the arrearage. To continue to have the arrearage payment applied to accrued interest so the delinquent principal amounts can continue to generate interest may cause the obligor to sink further into debt and create an obligation that he or she may never be able to fully pay. This is essentially what happened in McCready v. Jarvis-Fox, 779 *50 So.2d 581 (Fla. 5th DCA 2001). There, a 1992 order established an arrearage amount of unpaid principal. The trial court determined the unpaid principal would not accrue interest. Approximately eight years later, the mother, during contempt proceedings, requested that the trial court award interest on the arrearage amount determined by the 1992 order. The trial court assented to this request and ordered that the arrearage payments made pursuant to the 1992 order be applied to reduce the accrued interest, thus increasing the unpaid principal by a substantial amount. This court reversed the subsequent order, emphasizing that the payment schedule included in the 1992 order was based on what the trial court found the father capable of paying and would take approximately nineteen years to complete. This court stated that "[i]f the court had intended that the legal rate of interest be added to the arrearage, the interest alone would have exceeded the $60 per month payment so that each month the father would have gone further into debt. This was not the intent of the 1992 court." Id. at 581.
Noting that the trial court had relied on section 55.03, Florida Statutes, for the assessment of interest in the subsequent order, this court held in McCready that "[a]lthough the legislature by the above cited statute has determined that `judgments and decrees' shall bear interest, this does not prohibit the trial court, in fashioning a remedy in a contempt proceeding in which an arrearage is established, to enter an order for periodic repayment of the arrearage only." Id. at 581-82. This court further stated, "Because we have now found that the 1992 court, if it determined that equity required it, had the authority in an enforcement proceeding in which a judgment was not sought to order periodic payments to bring the father into compliance without including interest, that issue has been resolved." Id. at 582. Although the mother's failure to appeal the 1992 order was a factor in this court's decision to reverse the subsequent order requiring the paid arrearage amounts be applied to accrued interest, this court clearly recognized that a trial court has the equitable power to require arrearage payments be applied to reduce the unpaid principal as opposed to the accrued interest.
As a trial judge, I presided over cases in which a parent became incapable of making child support payments because of illness and another family memberusually a parent or sibling of the disabled parentgratuitously made the child support payments and contributed to the arrearage payments. In these cases, the goal of the donors was to contribute to the child's welfare and assist the disabled parent by reducing the principal amount of the arrearage. I know of no instance where the donor was willing to pay the interest and thereby allow the unpaid principal to continue to grow and generate more interest. Under the rule adopted by the majority, if the donor is denied his or her request to have the payments applied to reduce the unpaid principal, the donor may well refuse to continue making the interest payments. As the court stated in Department of Revenue v. Jackson, 846 So.2d 486, 491 (Fla.2003), "Payments actually made are, most assuredly, more important than mere paper judgments." I believe that in such a circumstance, the trial court should have the discretion to order that the arrearage payment be applied to reduce the unpaid principal.
I recognize there may be instances where a parent deliberately evades his or her child support obligations despite the ability to pay the amount ordered. In such an instance, and the present case may certainly involve such a parent, the trial court should have discretion to order that *51 all arrearage payments be directed to first satisfy accrued interest so that the unpaid principal amount may continue to accrue interest.
As the majority correctly observes, the Legislature has not directly addressed this issue. I believe the Legislature's silence tells us that designation of arrearage payments to either past due principal or accrued interest is an equitable matter best left to the sound discretion of the trial court after consideration of the obligor's ability to pay and other relevant factors. See, e.g., Coltea v. Coltea, 856 So.2d 1047 (Fla. 4th DCA 2003). As the court explained in Coltea, "Proceedings under chapter 61 are now recognized as primarily equitable in nature. When specific statutory rules are lacking, chapter 61 reposes discretion in the trial court to achieve the purposes and aims of the statutes." Id. at 1053 (citing Rosen v. Rosen, 696 So.2d 697 (Fla.1997)). In fact, equitable considerations permeate the provisions of chapter 61. As the court observed in Rosen:
[P]roceedings under chapter 61 are in equity and governed by basic rules of fairness as opposed to the strict rule of law. See § 61.011, Fla. Stat. (1995) ("Proceedings under this chapter are in chancery."). The legislature has given trial judges wide leeway to work equity in chapter 61 proceedings. See, e.g., § 61.001, Fla. Stat. (1995). Thus, section 61.16 should be liberallynot restrictivelyconstrued to allow consideration of any factor necessary to provide justice and ensure equity between the parties.
696 So.2d at 700; see also Alois v. Alois, 937 So.2d 171, 175 (Fla. 4th DCA 2006) ("Parents have a legal duty to provide financial support for their children. However, proceedings under chapter 61 are equitable in nature and thus are governed by basic rules of fairness. One of the most basic rules of fairness is that a court cannot order a parent to pay child support which that parent cannot afford to pay.") (citations omitted). Hence, this court has repeatedly held that the standard of review appellate courts must generally apply to child support issues is abuse of discretion. Karimi v. Karimi, 867 So.2d 471, 473 (Fla. 5th DCA 2004) ("Perhaps the most important issues raised by this appeal concern child support. The standard of review for each of these issues is one of abuse of discretion."); Thomas v. Thomas, 776 So.2d 1092 (Fla. 5th DCA 2001); see also Fla. Dep't of Revenue ex rel. Kaiser v. Kaiser, 890 So.2d 364, 366-67 (Fla. 4th DCA 2004) ("The standard of review of a trial court's order to decrease child support is abuse of discretion."). Given the equitable nature of proceedings under chapter 61, which includes provisions governing child support awards, I do not believe that the strict rule of law adopted by the majority is either appropriate or necessary.
I conclude that whether arrearage payments should first be applied to accrued interest or to unpaid principal, or whether a percentage should be applied to each, is a matter of equity to be determined based on the trial judge's discretion after consideration of all relevant facts and circumstances, including the ability of the obligor to pay. It should not be determined by judicial fiat that adopts a strict rule that binds the hands of equity and the trial court's exercise of sound judicial discretion. Here, it appears that the trial court thought it was compelled by an administrative order that directed arrearage payments be first applied to unpaid principal. Accordingly, the trial court did not have the opportunity to exercise its discretion in determining how the arrearage payments made by the father should be allocated. I therefore agree that the order under review should be reversed and remanded, *52 not to apply the rule adopted by the majority, but to allow the trial court, based on its sound discretion, the opportunity to determine how the payments should be applied.
NOTES
[1] The history of this principle is outlined in Ohio Sav. Bank & Trust Co. v. Willys Corp., 8 F.2d 463 (2d Cir.1925), which traces its common law origins to a period well before the Revolutionary War.