39 So.3d 360 (2010)
T.J.D., Appellant,
v.
A.G., Appellee.
No. 2D08-1209.
District Court of Appeal of Florida, Second District.
June 11, 2010.
*362 Elizabeth S. Wheeler of Berg & Wheeler, P.A., Brandon, for Appellant.
A.G., pro se.
CASANUEVA, Chief Judge.
T.J.D., the Mother, raises three issues on appeal from an amended final judgment of paternity setting forth child support payments and other obligations for A.G., the Father. We affirm on the Mother's third issue with no comment. We reverse on her first and second issues and remand for further proceedings.

Procedural History
In 2002, the Father petitioned to establish paternity of his son, born in 2001. The Mother filed a counter-petition. Once DNA testing corroborated that the child was the Father's, the Mother sought temporary relief in the form of child support. In 2002, the court ordered the Father to pay child support in the amount of $750 per month and to provide health insurance.
In July 2003 the Father lost his job and filed a motion to reduce his temporary support obligation. The court, in September, authorized the Father to pay $226 per month towards his $750 monthly obligation until he received income other than unemployment. Although the Father obtained employment later on, he never returned to paying the $750 figure and did not seek modification of the 2003 order.
The parties reached a partial mediation agreement on August 6, 2006, which acknowledged paternity, established shared parental responsibility, established primary residential care with the Mother, and set forth a detailed visitation schedule. Later in 2006, following trial, the court entered a final judgment of paternity. The Father filed a motion for reconsideration which resulted in an amended final judgment of paternity rendered on February 6, 2008. The Mother appealed and quickly requested this court to relinquish jurisdiction so the trial court could correct an error unrelated to the issues presented on appeal. We granted the Mother's motion, and the trial court entered the corrected order that is now before us for review.
The order established child support at $274 per month, a downward departure of $200 per month from the guideline calculation provided by the Mother and of $164 per month from the guideline calculation provided by the Father. The court stated the downward departure was appropriate "pursuant to section 61.30(11)(a)(10) [,Florida Statutes (2007),] based upon the Father's significant time sharing, driving for purposes of visitation, and the Father's inability to pay the guideline support coupled with his current arrears." The trial court established the arrearage at $16,500 as of the date of the final hearing on September 14, 2006. The court acknowledged the amount should be higher pursuant to prior temporary orders but "finds that it is not realistic to expect the Father to pay the full amount based upon his current income." The Father was required to pay the arrearage at a rate of $275 per month for the next sixty months. In total, the Father would be paying $549 per month in child support and arrears over the next sixty months.
"A child support determination is within the sound discretion of the trial court, subject to the statutory guidelines and the reasonableness test." Shaw v. Nelson, 4 So.3d 740, 744 (Fla. 1st DCA 2009) (quoting *363 Ondrejack v. Ondrejack, 839 So.2d 867, 871 (Fla. 4th DCA 2003)). Thus, our standard of review is abuse of discretion. McKenna v. McKenna, 31 So.3d 890, 891 (Fla. 4th DCA 2010); Karimi v. Karimi, 867 So.2d 471, 473 (Fla. 5th DCA 2004).

Deviation from the Child Support Guidelines
The Mother argues that the trial court abused its discretion in deviating substantially from the guidelines. There are no factual findings to explain the trial court's reasoning in determining the amount to depart. This lack of findings hampers meaningful appellate review. See, e.g., Jain v. Jain, 915 So.2d 711 (Fla. 4th DCA 2005) (reversing and remanding for the court to redetermine the former wife's income and recalculate child support when the court failed to explain how the parties' net incomes were derived); Ondrejack, 839 So.2d at 872 ("While we give full weight to the exercise of the trial court's sound discretion, the only way to evaluate its discretion is for the trial court to make explicit findings either on the record or by written order.")
Further, "current arrears" in child support payments cannot be utilized to reduce a child support award. Arrearage is not a listed factor in section 61.30, although subsection (11)(a)(11) notes that a trial court may adjust the minimum child support award based upon the following consideration:
11. Any other adjustment which is needed to achieve an equitable result which may include, but not be limited to, a reasonable and necessary existing expense or debt.
While a small portion of the Father's deficiency was excused by the court's grant of temporary relief during his time of unemployment, the vast majority of the debt was caused by his unexcused failures to comply with court orders. A liability caused by violation of a court order does not constitute a "reasonable and necessary existing expense or debt" permitting a reduction of a parent's child support obligation.
One additional error occurred when the trial court chose to depart because the Father demonstrated an "inability to pay the guideline support coupled with his current arrears." The Mother provided a guideline support figure of $474 per month. But the court ordered the Father to pay a total of $549 per month; $274 per month in support plus $275 per month on his arrearage. If the evidence demonstrated the Father could afford $549 per month in support plus arrears, then the Father could afford the guideline amount of $474 per month in statutorily mandated child support.
For all three reasons, we hold the trial court abused its discretion in determining the amount of monthly child support.

The Child Support Arrearage
The Mother also contends that the trial court erred in setting the Father's child support arrearage at $16,500 and in ordering the Father to pay that debt in sixty monthly payments of $275 each. We hold that the trial court erred on both bases.
The only testimony as to the total amount of arrearage came from the Mother. She testified that the arrearage amount was either $18,864 or $26,694, dependent upon whether the court calculated the arrearage from the entry of the first temporary support order or from the date of the child's birth. The court set the amount as follows:
The Court hereby establishes the Father['s] arrearage at $16,500.00 as of the date of the final hearing, September 14, 2006. While the Court acknowledges *364 the Mother's position that the arrearage should be substantially higher as a result of prior temporary orders establishing temporary support, the Court finds that it is not realistic to expect the Father to pay the full amount based upon his current income.
Although the trial court's goals and considerations were admirable, there was no evidence presented to support an award of $16,500. Without substantial, competent evidence to support the court's finding, we must reverse.
We also hold that the court-ordered payment plan consisting of sixty equal payments of $275 was error. "[T]he spouse to whom child support is awarded is entitled to prejudgment interest for all arrearages from the date the child support is due until the date of the arrearage judgment, along with interest that accrues on the arrearage judgment itself." Vitt v. Rodriguez, 960 So.2d 47, 48 (Fla. 5th DCA 2007); see also Lamar v. Lamar, 889 So.2d 983, 984 (Fla. 4th DCA 2004) ("The former wife is ... entitled to collect prejudgment interest for all arrearages from the initial date that the former husband owed unpaid child support."); Nelson-Higdon v. Higdon, 680 So.2d 524, 524 (Fla. 1st DCA 1996) (requiring the trial court on remand to award prejudgment interest on accrued support arrearage). By creating a payment schedule where the Father will pay the exact amount of the arrearage over the course of sixty months, the court divested the Mother of her entitlement to interest.
In conclusion, we reverse the order on appeal as to the amount of monthly child support payments, the amount of the child support arrearage, and the payment plan for the arrearage. On remand, the trial court shall recalculate the amount of current child support payments in accordance with the guidelines, set the amount of the arrearage based upon the evidence presented, and determine a payment plan for the arrearage that is consistent with this opinion.
Reversed and remanded for further proceedings.
KELLY and KHOUZAM, JJ., Concur.